# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-3195

MAURA A. JENKINS,
Appellant

v.

HARRISBURG ROTARY CLUB, AKA ROTARY CLUB OF HARRISBURG;
ROTARY INTERNATIONAL

_____

On Appeal from the United States District Court, M.D. Pa.
Judge Sean A. Camoni, No. 1:24-cv-01724

Before: SHWARTZ, PHIPPS, and MCKEE, *Circuit Judges*
Submitted: July 1, 2026; Filed: July 13, 2026

_____

NONPRECEDENTIAL OPINION[*]

_____

PHIPPS, *Circuit Judge*.

A service club terminated its only employee, a part-time administrator, for an online post that she made reflecting her religious beliefs about gender. The service club did so because the international organization of which it was a member had a policy against insulting or offending people based on gender identity. The former part-time employee then sued the local club and the international organization under Title VII for retaliation and religious discrimination. But Title VII does not cover employers with fewer than fifteen employees, *see* 42 U.S.C. § 2000e(b), and the former part-time administrator had not been employed by the international organization. To overcome those obstacles, in opposing summary judgment, the former part-time administrator invoked the single-employer tests announced in *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 85–87 (3d Cir.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2003), and argued that the two entities were a single employer for purposes of Title VII. The District Court rejected that argument and entered summary judgment against the former part-time administrator, who now appeals that final order. On *de novo* review, we will affirm the entry of judgment for the reasons below.

## FACTUAL BACKGROUND

The Rotary Club of Harrisburg in Camp Hill, Pennsylvania, is a non-religious, non-political volunteer service club. In late 2022, the club decided to hire a part-time employee to serve as its administrator with responsibilities for managing the books, preparing weekly newsletters, updating its social media accounts, attending and coordinating weekly meetings, and offering general administrative support. In January 2023, the club hired Maura Jenkins, a Christian, to fill that role.

The Rotary Club of Harrisburg is a member of Rotary International, a global service organization headquartered in Evanston, Illinois, employing over fifteen employees. To be in good standing with Rotary International, a member club must adopt Rotary International's Diversity, Equity, and Inclusion Code of Conduct. That DEI Code of Conduct applies to all club meetings as well as "anywhere else a member represents Rotary and on . . . social media." Rotary International's Diversity, Equity, and Inclusion Code of Conduct (App. 857). The DEI Code of Conduct encourages the use of preferred pronouns and the celebration of different genders. It also contains a provision entitled "Adult Harassment Issues," which requires reporting "any allegation of harassment," inclusive of offenses based on gender identity:

> Rotary [International] is committed to maintaining an environment that is free of any form of harassment, broadly defined as any conduct, verbal or physical, that denigrates, insults, or offends a person or group based on any characteristic (age, ethnicity, race, color, disability, religion, socioeconomic status, culture, sex, sexual orientations, or gender identity).

2

If you are notified of any allegation of harassment involving an adult, or you feel you have been harassed, follow these steps:

1. If anyone's safety is in doubt, contact local law enforcement.

2. Notify a club officer (club president or secretary), district leader (district governor or district governor-elect), or zone leader (RI director).

3. Report the incident to Rotary International's Club and District Support team . . . .

4. Any allegation of harassment or abuse that involves young people must be reported to Rotary International . . . within 72 hours.

*Id.* (App. 858) (footnote omitted).

On August 17, 2023, Jenkins posted a meme to her personal Facebook page consistent with her religious belief that God created only two genders, assigned biologically at birth. That meme depicted a mother and child in a 1950s-style kitchen with the child, who had long hair and was wearing a dress and red bow, saying to the mother, "Mommy, I think I'm a boy," and the mother responding, "WELL, YOU'RE NOT." Facebook Post (App. 580). Above that picture were the words, "It's that simple." *Id.* (App. 580).

Within days, on August 21, 2023, a member of the Rotary Club of Harrisburg, Una Martone, who had also performed volunteer service for Rotary International, reported Jenkins's post as violative of Rotary International's DEI Code of Conduct. Martone emailed the president of the Rotary Club of Harrisburg and two of its board members a screenshot of Jenkins's post and the following message:

I was disheartened to see this post on the personal [F]acebook page of our club's Executive Director (see below). While this is her personal space, the sentiment she's expressing is in opposition to the Rotary Club of Harrisburg and Rotary International's values of inclusion and belonging.

Email from Una Martone to Ellen C. Brown, Elizabeth Mihmet & Scott Stevens (Aug. 21, 2023, 10:20 AM) (App. 616). That evening, after holding an emergency

3

meeting to discuss the post, the board of the Rotary Club of Harrisburg terminated Jenkins because her post "oppose[d] the beliefs of transgender individuals" in violation of Rotary International's DEI Code of Conduct. Letter from Ellen C. Brown, President, Rotary Club of Harrisburg, to Maura Jenkins (Aug. 21, 2023) (App. 54).

## PROCEDURAL HISTORY

After reporting her termination to the Equal Employment Opportunity Commission and receiving a right-to-sue letter, Jenkins sued the Rotary Club of Harrisburg and Rotary International in the District Court. *See* 42 U.S.C. § 2000e-5(b), (e). Her amended complaint alleging religious discrimination and retaliation in violation of Title VII was within the District Court's jurisdiction, *see* 28 U.S.C. § 1331, and the parties consented to having a magistrate judge preside over the case, *see id.* § 636(c); Fed. R. Civ. P. 73(a).

The Rotary Club of Harrisburg and Rotary International separately moved to dismiss Jenkins's claims. They asserted that the allegations in the amended complaint were insufficient to establish that they were an 'employer' covered by Title VII, which sets a fifteen-employee threshold for status as an employer:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . .

42 U.S.C. § 2000e(b). Before Jenkins responded to those motions, the Magistrate Judge denied them without prejudice and ordered the parties to conduct limited discovery on the employer issue.

Afterward, the Rotary Club of Harrisburg and Rotary International separately moved for summary judgment on the grounds that they were not Jenkins's employer for purposes of Title VII. In response, Jenkins argued that under the single-employer tests announced in *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72 (3d Cir. 2003), Harrisburg

4

Rotary Club and Rotary International qualified as a single employer. *See id.* at 85–87 (allowing two "nominally distinct" entities to be treated as a single employer to satisfy Title VII's numerosity requirement in three scenarios: (i) "when a company has split itself into entities with less than fifteen employees intending to evade Title VII's reach"; (ii) "when a parent company has directed the subsidiary's discriminatory act of which the plaintiff is complaining"; and (iii) when the companies are "so united that nominal employees of one company are treated interchangeably with those of another"). The Magistrate Judge rejected that contention because Jenkins did not provide evidence to meet any of the *Nesbit* single-employer tests. *Jenkins v. Harrisburg Rotary Club*, 2025 WL 2940772, at \*4–5 (M.D. Pa. Oct. 16, 2025).

Through a timely notice of appeal, Jenkins invoked this Court's appellate jurisdiction to present two challenges to that final order. *See* 28 U.S.C. § 1291; Fed. R. App. 4(a)(1)(A). First, she asserts that the Magistrate Judge improperly shifted the burden to her as the non-moving party at summary judgment. Second, she argues that she produced adequate evidence of one of the *Nesbit* tests – direction by a parent company of a subsidiary's discriminatory act.

## DISCUSSION

As to Jenkins's first challenge, the Magistrate Judge did not improperly shift the burden of proof at summary judgment. To avoid summary judgment, Jenkins had to establish that the Rotary Club of Harrisburg and Rotary International were her employers for purposes of Title VII. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief."). And a moving party may obtain summary judgment by demonstrating that "the nonmoving party has not made 'a showing sufficient to establish the existence of

5

an element essential to that party's case . . . *on which that party will bear the burden of proof at trial.*'" *Mall Chevrolet, Inc. v. Gen. Motors LLC*, 99 F.4th 622, 630 (3d Cir. 2024) (alteration in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Thus, the Magistrate Judge did not err in examining whether Jenkins, as the non-moving party, was able to produce evidence that would create a triable question on the employer issue.

Jenkins's second challenge is that she has shown enough evidence of direction by Rotary International over the personnel decisions by the Rotary Club of Harrisburg to create a triable issue that they qualify as a single employer under one of the *Nesbit* single-employer tests.  The problem for Jenkins is that the *Nesbit* tests were developed in the context of corporate employers.  *See Nesbit*, 347 F.3d at 85.  And the *Nesbit* test that she relies on requires a parent-subsidiary relationship among the corporations as well as direction by the parent corporation.  *See id.* at 85–86 (allowing a finding of a single employer "when a parent company has directed the subsidiary's discriminatory act of which the plaintiff is complaining").  So, while Jenkins has produced some evidence of direction by Rotary International, she has not produced any evidence that Rotary International is the parent corporation of the Rotary Club of Harrisburg.  Nor has she advocated for a variation of the *Nesbit* tests applicable outside of the corporate context that would cover relationships among membership organizations.  *But cf.* 42 U.S.C. § 2000e(b) (excepting from the definition of 'employer' "a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26").  Thus, she has not produced enough evidence to survive summary judgment.

## CONCLUSION

For the foregoing reasons, we will affirm the entry of summary judgment.

6